UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                     :

PAUL THOMPSON,            :       **MEMORANDUM**

                     :       **OPINION AND ORDER**

          **Petitioner,**    :

                     :       **09 Civ. 5551 (SAS)**

    **- against -**         :       **03 CR 1501 (SAS)**

                     :

**UNITED STATES OF AMERICA**    :

                     :

          **Respondent.**   :
-----------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 4/12/10

## I.    INTRODUCTION

        Paul Thompson filed a pro se motion to vacate, set aside, or correct

his sentence pursuant to section 2255 of title 28 of the United States Code

("section 2255"). Thompson claims that both his trial and appellate counsel

rendered constitutionally ineffective assistance.[1] For the reasons set forth below,

Thompson's motion is denied.

## II.    BACKGROUND

### A.    The Offense Conduct

        Thompson was arrested on January 29, 2003, and indicted for one

---

[1]    *See* Thompson's Motion Under 28 U.S.C. § 2255 to Vacate, Set
Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255("Habeas Motion")
at 5-6.

count of conspiracy to distribute crack cocaine (Count One) and one count of

possessing a firearm in furtherance of a narcotics conspiracy (Count Two).[2]

Pursuant to a plea agreement with the Government ("Plea Agreement"), Thompson

pled guilty on January 18, 2006, to both counts.[3]

**B.    The Plea Agreement**

The Plea Agreement contained stipulations setting forth the manner in

which Thompson's sentence would be calculated under the United States

Sentencing Guidelines.[4]  Based upon an adjusted offense level of 31 and a

Criminal History Category of III for Count One, and an additional consecutive

sentence of sixty months for Count Two, Thompson's Sentencing Guidelines

range was 195 to 228 months imprisonment ("Stipulated Sentencing Range").[5]

Under the Plea Agreement, Thompson also agreed that he would neither directly

nor collaterally appeal any sentence within or below the Stipulated Sentencing

---

[2]    *See* Government's Memorandum of Law in Opposition to
Defendant's Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28
U.S.C. § 2255 ("Gov't Mem.") at 1.

[3]    *See id.* at 10; 1/28/05 Letter from AUSA David L. Jaffe to defense
attorney Leslie Jones Thomas ("Plea Agreement"), Ex. B to Gov't Mem., at 1.

[4]    *See* Plea Agreement at 2-7.

[5]    *See id.* at 7.

2

Range.[6]

On January 18, 2006, Thompson appeared before United States Magistrate Judge Kevin M. Fox, and pled guilty to both counts pursuant to the terms of the Plea Agreement.[7]  Before accepting Thompson's guilty plea, Magistrate Judge Fox conducted a thorough proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  At the onset of the plea proceedings, Magistrate Judge Fox confirmed that Thompson's waiver of indictment was knowing and voluntary and that Thompson had consented to have his plea taken before a Magistrate Judge, rather than a District Court Judge.[8]

After several questions regarding Thompson's health and level of education, Magistrate Judge Fox found Thompson to be fully competent to enter an informed guilty plea.[9]  Thereafter, Magistrate Judge Fox established that Thompson understood the charges against him and the maximum and mandatory minimum penalties associated with the charges.[10]  Magistrate Judge Fox then established that Thompson understood the rights he was giving up by pleading

---

[6]     *See id.* at 9.

[7]     *See* 1/28/05 Plea Transcript ("Plea Transcript").

[8]     *See id.* at 6-7.

[9]     *See id.* at 7-8.

[10]    *See id.* at 10-12.

3

guilty.[11]  Magistrate Judge Fox asked the Government to recite the elements of the offenses and confirmed that Thompson still wished to plead guilty.[12]  Magistrate Judge Fox confirmed that Thompson had discussed the Guidelines with his attorney, that no threats or promises concerning his sentence had been made to him in order to induce his guilty plea and that his plea was voluntary and of his own free will.[13]

Magistrate Judge Fox then focused on the Plea Agreement. Magistrate Judge Fox first confirmed that Thompson had discussed the Agreement with his counsel before signing it, and that Thompson completely understood the terms of the Plea Agreement.[14]  Magistrate Judge Fox then ensured that Thompson understood the Guidelines range provided in the Plea Agreement.[15]  Magistrate Judge Fox confirmed that Thompson was aware of the waiver-of-appeal provision in the Plea Agreement,[16] and that Thompson was not forced to sign the Plea

---

[11]    *See id.* at 12-13.

[12]    *See id.* at 14.

[13]    *See id.* at 14-15, 16, 18.

[14]    *See id.* at 16.

[15]    *See id.* at 17.

[16]    *See id.*

4

Agreement.[17]  Finally, Magistrate Judge Fox established a factual basis for

Thompson's guilty plea.[18]

        Magistrate Judge Fox stated that he was satisfied that Thompson

understood the nature of the charges against him, the consequences of his guilty

plea, that the plea was being made voluntarily and knowingly and that there was a

factual basis for the plea.[19]  Accordingly, Magistrate Judge Fox recommended that

this Court accept the guilty plea, which it did.  This Court then sentenced

Thompson to a term of 180 months imprisonment, a sentence below the Stipulated

Guidelines Range.[20]  Thompson filed a timely notice of appeal.[21]  In light of the

Plea Agreement, Thompson's counsel filed a brief pursuant to *Anders v.*

*California,*[22] affirming that there was no basis for appellate review of Thompson's

sentence.[23]  The Second Circuit Court of Appeals affirmed Thompson's conviction

---

[17]    *See id*. at 17-18.

[18]    *See id*. at 21-23.

[19]    *See id*. at 27.

[20]    *See* Gov't Mem. at 15.

[21]    *See id*.

[22]    386 U.S. 738 (1967).

[23]    *See* Gov't Mem. at 15.

in June 2008.[24]

## III.   LEGAL STANDARDS

### A.   Section 2255

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence if "the court, in sentencing him or her, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law."[25]  A properly filed motion under section 2255 must allege that:  (1) the sentence violated the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[26]  Thus, collateral relief under  section 2255 is only available for "a constitutional error, a lack of jurisdiction in the sentencing court or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"[27]

---

[24]   *See id.*

[25]   *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2005).

[26]   *See* 28 U.S.C. § 2255.

[27]   *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## B.    Waiver of Collateral Attack of Rights

A defendant's waiver of rights under section 2255 is enforceable so long as the waiver is both "knowing and voluntary."[28]  To be knowing, the defendant must fully understand "the potential consequences of his waiver."[29]  A defendant may waive his or her right to appeal or to litigate a sentence of a certain length, though such waiver does not foreclose an appeal of consecutive sentences[30] or an attack on the validity of the process by which the waiver was procured.[31]

The Second Circuit has consistently recognized the benefits to both defendants and the Government in upholding plea bargain agreements.[32]  While the defendant gains limited exposure at sentencing, the Government expends fewer resources.  The benefit of the bargain is lost when a defendant can

---

[28]    *United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996).  *See also* Fed. R. Crim. P. 11(c)(6).

[29]    *Ready,* 82 F.3d at 556.

[30]    *See United States v. Williams*, 260 F.3d 160, 164-65 (2d Cir. 2001).

[31]    *See United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) ("[A] plea agreement containing waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

[32]    *See United States v. Quinones*, 511 F.3d 289, 323 (2d Cir. 2007) ("[T]he waiver was entered as part of a plea agreement process that permitted the defendant and the government to allocate risk, to obtain benefits, to achieve finality and to save resources.") (quotation marks omitted).

7

nonetheless collaterally attack his sentence.[33]

## C.    Ineffective Assistance of Counsel

A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," *i .e.,* demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[34] Only if both elements are satisfied can a defendant demonstrate that his counsel made errors "so serious" that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that the defendant was deprived of a fair proceeding as a result.[35]

Although a defendant must prove both unreasonable performance and actual prejudice, a failure on either showing is dispositive and, therefore, a court

[33]     *See United States v. Tang,* 214 F.3d 365, 368 (2d Cir. 2000).

[34]     *Strickland v. Washington,* 466 U.S. 668, 688, 693-94 (1984). *Accord Hernandez v. United States,* 202 F.3d 486, 488 (2d Cir. 2000) ("Under the *Strickland* standard, a petitioner must establish both (1) that counsel made errors so serious that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense.").

[35]     *Strickland,* 466 U.S. at 687.

8

may address either prong first.[36]  As the Supreme Court explained in *Strickland,* "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[37]

## IV.  DISCUSSION

### A.   Thompson's Attacks on the Plea Agreement and Sentence Are Barred by the Waiver in His Plea Agreement

In his plea agreement, Thompson stipulated he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Range [of 195 to 228 months] set forth [in the plea agreement]."[38]  Moreover, Thompson knowingly and voluntarily waived his right to file a section 2255 motion.  Before accepting Thompson's plea of guilty, the Magistrate Judge confirmed that Thompson understood the implications of the waiver.[39]  The Judge also confirmed

---

[36]   *See id*. at 697.

[37]   *Id*.

[38]   Plea Agreement at 9.

[39]   *See* Plea Transcript at 27.

9

that Thompson was competent to enter such a plea.[40]  Because the sentence was below the Stipulated Sentencing Guidelines Range, and because Thompson's waiver of his section 2255 rights was "knowing and voluntary," the waiver must be enforced.[41]

Thompson claims that his trial and appellate counsel rendered constitutionally ineffective assistance to him by failing to foresee the Second Circuit's decisions in *United States v. Whitley*[42] and *United States v. Williams*,[43] both of which resulted in a change in the law governing the applicability of the mandatory consecutive sentencing provisions for firearms offenses. In *Whitley*, the Second Circuit held that the introductory "except clause" of 18 U.S.C. § 924(c) bars the imposition of a mandatory five-year sentence for a gun possession offense if the defendant has also been convicted of another weapons offense carrying a greater mandatory minimum sentence.[44]

In *Williams*, the defendant had been convicted of one count of narcotics conspiracy, for which he received a mandatory ten-year sentence, and

---

[40]   *See id.* at 14-18.

[41]   *Ready*, 82 F.3d at 556 (waiver must be "knowing and voluntary").

[42]   529 F.3d 150 (2d Cir. 2008).

[43]   558 F.3d 166 (2d Cir. 2009).

[44]   *Whitley*, 529 F.3d at 153.

one count of gun possession, for which he received a mandatory consecutive five-year sentence.[45]  The Second Circuit vacated the five-year gun sentence, holding that the mandatory consecutive penalties of 18 U.S.C. § 924(c) – for use and possession of a firearm in connection with a drug or violent crime – are inapplicable any time a defendant is subject to a longer minimum sentence for the underlying drug or violent offense.[46]

While an appeal waiver would be unenforceable if it was the result of ineffective assistance of counsel,[47] where the record demonstrates that the appeal waiver was knowing and voluntary, *i.e.*, not the product of ineffective assistance of counsel, the waiver is fully enforceable.[48]  Even if Thompson claimed that his appellate waiver was not knowing or voluntary because of a subsequent change in the law, such a claim would be misplaced.[49]

---

[45]     *Williams*, 558 F.3d at 167-68.

[46]     *See id*. at 169, 172.

[47]     *See United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004) ("The appeal waiver would be unenforceable if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious.").

[48]     *See, e.g.*, *United States v. Salcido-Contreras*, 990 F.2d 51, 51-52 (2d Cir. 1993) (per curiam); *United States v. Rivera*, 971 F.2d 876, 896 (2d Cir. 1992).

[49]     *See United States v. Strand*, Nos. 08 Cr. 3730, 08 Cr. 3739, 2009 WL 1956241, at *1 (2d Cir. July 8, 2009) (summary order).

This case is similar to a recent Second Circuit case, *United States v. Strand*,[50] in which the defendants had entered into plea agreements waiving their right to appeal.[51] Like Thompson, they had pled guilty to a drug conspiracy charge for which they received mandatory ten-year sentences, and a gun possession charge, for which they received an additional five-year consecutive mandatory minimum sentence.[52] Despite their appeal waivers, the defendants challenged the five-year gun sentences, arguing that they did not enter into their plea agreements knowingly and voluntarily because they had been "misled about the applicability of 18 U.S.C. [section] 924(c)'s five-year mandatory minimum sentence, given [the Second Circuit's] holding in . . . *Whitley*."[53]

The Second Circuit rejected that argument, noting that "waivers of the right to appeal remain enforceable even where the grounds for appeal were not known until after the defendant entered into the plea agreement."[54] Thus, Thompson cannot prevail on the argument that his waiver was involuntary or unknowing based on a subsequent change in the law.

---

[50]   *Id.*

[51]   *See id.*

[52]   *See id.*

[53]   *Id.*

[54]   *Id.*

12

**B.    Ineffective Assistance of Counsel**

Thompson's claim of ineffective assistance are based on the premise

that his counsel should have foreseen the *Whitley* and *Williams* decisions and

raised an argument that the five-year mandatory consecutive sentence for Count

Two could not be imposed following a ten-year mandatory sentence for Count

One.[55] This claim is without merit, as counsel cannot anticipate future Second

Circuit decisions, especially given the uniform position of other circuit courts that

had addressed the same issue at the time of Thompson's sentencing and direct

appeal, and permitted consecutive mandatory sentences.[56]

Counsel's failure to make an argument that had been rejected by other

federal appellate courts does not rise to the level of ineffective assistance. Indeed,

several courts have addressed a claim similar to the one made by Thompson in the

context of changes to the Sentencing Guidelines, and held that counsel is not

---

[55]      *See* Habeas Motion at 10-11.

[56]      *See, e.g.*, *United States v. Easter*, 553 F.3d 519, 526 (7th Cir. 2009);
*United States v. Parker*, 549 F.3d 5, 11 (1st Cir. 2008) ("[O]ther circuits have
rejected any reading of the 'except' clause that would reach our case and, indeed,
some of the circuits would squarely reject *Whitley*."); *United States v. Collins*, 205
Fed. Appx. 196, 198 (5th Cir. 2006); *United States v. Baldwin*, 41 Fed. Appx. 713,
714 (6th Cir. 2002); *United States v. Studifin*, 240 F.3d 415, 423 (4th Cir. 2001);
*United States v. Jolivette*, 257 F.3d 581, 586-87 (6th Cir. 2001); *United States v.
Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000).

ineffective for failing to anticipate a change in the law.[57]

## V.    CONCLUSION

For the foregoing reasons, Thompson's motion pursuant to section

2255 is denied.   The remaining issue is whether to grant a certificate of

appealability ("COA").  For a COA to issue, petitioner must make a "substantial

showing of the denial of a constitutional right."[58]  A "substantial showing" does

not require a petitioner to demonstrate that he would prevail on the merits;

petitioner must merely show that reasonable jurists could differ as to whether "the

petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'"[59]

---

[57]    *See, e.g., Alston v. United States,* No. 04 Civ. 1049, 2005 WL
3434811, at *3 (N.D.N.Y. Dec. 13, 2005) ("Courts within this Circuit have
uniformly held that counsel cannot be found to have rendered ineffective
assistance by failing to anticipate the Supreme Court's decisions in *Blakely* and
*Booker.*"); *Mercado v. United States,* No. 04 Civ. 10208, 2005 WL 1705066, at
*2-3 (S.D.N.Y. July 20, 2005) (counsel not ineffective for failing to challenge
petitioner's sentence on the basis of *Booker,* as *Booker* was not yet decided before
petitioner's conviction was final); *Muniz v. United States,* 360 F. Supp. 2d 574,
579 (S.D.N.Y. 2005) (counsel not ineffective for failing to raise *Apprendi*
arguments at sentencing or on appeal); *Roccisano v. United States,* 936 F. Supp.
96, 103 (S.D.N.Y. 1996) (counsel not ineffective for failing to anticipate future
changes in the Sentencing Guidelines, both in the form of amendments and
subsequent cases).

[58]    28 U.S.C. § 2253(c)(2).

[59]    *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v.
Estelle,* 463 U.S. 880, 893 n.4 (1983)).  *Accord Middleton v. Attorneys Gen.,* 396

Petitioner has made no such showing.  Accordingly, I decline to grant a certificate of appealability.  The Clerk of the Court is directed to close this motion [docket number 1] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            April 12, 2010

---

F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

## - Appearances -

**Petitioner (Pro Se):**

Paul Thompson
Reg. No. 54512-054
FCI Schuylkill
P.O. Box 79
Minersville, PA 17954

**For Respondent:**

Laurie A. Korenbaum
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2265